IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE No. 3:25-CV-00735

| | |
|---|---|
| **RANDY RAPPE,**<br><br>　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**DUKE ENERGY CAROLINAS, LLC, and PIEDMONT NATURAL GAS COMPANY, INC.,**<br><br>　　　　　　　　**Defendants.** | State Court Case No:<br>Mecklenburg Superior Court<br>25CV038515-590<br><br>**NOTICE OF REMOVAL** |

　　　　Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Duke Energy Carolinas, LLC ("DEC") and Piedmont Natural Gas Company, Inc. ("PNG") (collectively "Defendants"), hereby give Notice of Removal of *Randy Rappe v. Duke Energy Carolinas, LLC and Piedmont Natural Gas Company, Inc.*, which is pending as Case No. 25CV038515-590 in the North Carolina Superior Court for Mecklenburg County (the "State Court Action"), to the United States District Court for the Western District of North Carolina. This action is being removed to Federal Court based on federal question jurisdiction. In support of removal, Defendants respectfully show the Court as follows:

　　　　1.　　On or about August 18, 2025, Plaintiff Randy Rappe ("Rappe"), initiated this action by filing a Complaint in the General Court of Justice of Mecklenburg County North Carolina, Superior Court Division (Case No. 25CV038515-590).

　　　　2.　　Defendants received copies of the Summons and Complaint on or about August 26, 2025, through their registered agent. Thus, the time for filing a responsive pleading in the State Court Action has not expired.

### A. This Court Has Original Jurisdiction Over This Case.

3. In pertinent part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants…" 28 U.S.C. § 1441(a); *King v. Marriot Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) ("Removal is appropriate… where the civil action is one over which 'the district courts of the United States have original jurisdiction'").

4. This action is removable to this Court because the Complaint alleges federal causes of action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630, *et seq.*, as amended, (hereafter "ADEA").

5. Because Plaintiff is asserting claims under a federal statute, this action is subject to removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction.")

6. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, Plaintiff's claims are properly removed to this Court because they necessarily implicate substantial federal issues arising from the ADEA.

### B. This Court is the proper venue for this action.

7. 28 U.S.C. § 1441(a) further provides that removal is proper "to the district court of the United States for the district and division embracing the place where such action is pending.

8. This Court is the United States District Court for the district and division where the State Court Action was pending and therefore is the appropriate venue for the removal.

9. This Court has supplemental jurisdiction over Plaintiff's remaining state-law claim for wrongful discharge in violation of public policy as it relates to the claims asserted under federal statute and is part of the same case or controversy. *See* 28 U.S.C. § 1367(a)

**C.     The Procedural Requirements for Removal Have Been Met.**

10. 28 U.S.C. § 1446(b) outlines the procedural requirements applicable to the removal of civil actions. These requirements state that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."

11. In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all process, pleadings and orders served upon Defendants in this action and/or filed in the State Court Action.

12. No further pleadings have occurred in the State Court Action. Defendants have not served any answer or other responsive pleading to the Summons and Complaint, nor made any appearance, argument, or request for relief before the General Court of Justice of Mecklenburg County, Superior Court Division.

13. This Notice of Removal has been timely filed within thirty (30) days from the earliest date of service of any pleading or summons on any defendant in this case pursuant to 28 U.S.C. § 1446(b)(2)(B).

14. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff and file a copy of such notice with the Clerk of the Superior Court for Mecklenburg County, North Carolina.

15. The Complaint contains a demand for a jury trial.

16. By removing the State Court Action to this Court, Defendants do not waive, and expressly reserve, any rights, defenses, objections, or motions available to them under state or federal law and do not concede that the allegations in the Complaint state a valid claim under any applicable law. Defendants expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12.

WHEREFORE, based on the foregoing, Defendants respectfully request that the State Court Action now pending in the Superior Court for Mecklenburg County, North Carolina, bearing Case No. 25CV038515-590, be removed therefrom in its entirety to this Court, as provided by law, and that the Mecklenburg County Superior Court proceed no further unless and until the case is remanded.

Respectfully submitted, this 24th day of September, 2025.

/s/ *Tory Ian Summey*
Tory Ian Summey
N.C. State Bar No. 46437
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
T: (704) 372-9000
F: (704) 334-4706
Email: torysummey@parkerpoe.com

Zack Anstett
N.C. State Bar No. 53371
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
T: (919) 835-4042
F: (919) 834-4564
Email: zackanstett@parkerpoe.com

*Attorneys for Defendants Duke Energy Carolinas, LLC and Piedmont Natural Gas Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this date, the foregoing "***Notice of Removal***" was electronically filed with the Clerk of Court using the Court's CM/ECF system, and served upon counsel for Plaintiff via First Class Mail, addressed as follows.

R. Michael Elliot
ELLIOT MORGAN PARSONAGE, PLLC
300 E. Kingston Avenue, Suite 200
Charlotte, NC 28203
Email: michaelelliot@emplawfirm.com
*Attorney for Plaintiff*

This the 24th day of September, 2025.

/s/ *Tory Ian Summey*
Tory Ian Summey
N.C. State Bar No. 46437
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
T: (704) 372-9000
F: (704) 334-4706
Email: torysummey@parkerpoe.com

Zack Anstett
N.C. State Bar No. 53371
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
T: (919) 835-4042
F: (919) 834-4564
Email: zackanstett@parkerpoe.com

*Attorneys for Defendants Duke Energy Carolinas, LLC and Piedmont Natural Gas Company, Inc.*