# EXHIBIT A

25CV038515-590

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| **Name And Address Of Plaintiff 1**<br>RANDY RAPPE | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING ☐ SUBSEQUENT FILING |

**Name And Address Of Plaintiff 2**

Rule 5(b), General Rules of Practice For Superior and District Courts

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*

R. Michael Elliot
Elliot Morgan Parsonage, PLLC
300 E. Kingston Avenue Suite 200
Charlotte, NC 28203

**VERSUS**

| *Telephone No.*<br>7047073705 | *Cellular Telephone No.* |
|---|---|

**Name Of Defendant 1**
DUKE ENERGY CAROLINAS, LLC

| *NC Attorney Bar No.*<br>42806 | *Attorney E-Mail Address*<br>michaelelliot@emplawfirm.com |
|---|---|

**Summons Submitted** ☒ Yes ☐ No

☒ Initial Appearance in Case ☐ Change of Address

**Name Of Defendant 2**
PIEDMONT NATURAL GAS COMPANY, INC.

*Name Of Firm*
Elliot Morgan Parsonage, PLLC

*FAX No.*
336-724-3335

*Counsel for*
☒ All Plaintiffs ☐ All Defendants ☐ Only *(list party(ies) represented)*

**Summons Submitted** ☒ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

*(check all that apply)*
☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☐ Complaint (COMP)
☐ Confession Of Judgment (CNJF)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim (list on back) (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☒ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

*(check all that apply)*
☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

| CLAIMS FOR RELIEF | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Violation of the Age Discrimination in |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | Employment Act, 29 U.S.C. § 621 et seq. |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | (ADEA); Retaliation in Violation of the ADEA; |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. 44A (MVLN) | Wrongful Discharge in Violation of the Public |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | Policy of North Carolina. |

| Date | Signature Of Attorney/Party |
|---|---|
| 07/28/2025 | *R. Minluf* |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)     ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

## STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No.

Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
RANDY RAPPE

**VERSUS**

*Name Of Defendant(s)*
DUKE ENERGY CAROLINAS, LLC; PIEDMONT NATURAL GAS COMPANY, INC.

**CIVIL SUMMONS
TO BE SERVED WITH
ORDER EXTENDING
TIME TO FILE COMPLAINT**

G.S. 1A-1, Rule 4

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1*<br>Duke Energy Carolinas, LLC<br>c/o CT Corporation System, Registered Agent<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615 | *Name And Address Of Defendant 2*<br>Piedmont Natural Gas Company, Inc.<br>c/o CT Corporation System, Registered Agent<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615-6417 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>R. Michael Elliot<br>Elliot Morgan Parsonage PLLC<br>300 E. Kingston Ave, Suite 200<br>Charlotte, NC 28203 | *Date*<br>7/28/2025 12:50:07 pm | ☐ AM<br>☐ PM |
|---|---|---|
| | *Signature*<br>/s/ Jennifer Garcia | |
| | ☒ *Deputy CSC*   ☐ *Assistant CSC*   ☐ *Clerk Of Superior Court* | |

AOC-CV-102, Rev. 1/10
© 2010 Administrative Office of the Courts

(Over)

| RETURN OF SERVICE | |
|---|---|

I certify that this Summons and a copy of the Order were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served | ☐ AM ☐ PM | Signature |
|---|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of this Summons and Order.

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served | ☐ AM ☐ PM | Signature |
|---|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ | | |
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-102, Side Two, Rev. 1/10
© 2010 Administrative Office of the Courts

File No. 25CV038515-590

# STATE OF NORTH CAROLINA

___MECKLENBURG___ County

|  | In The General Court Of Justice |
|---|---|
|  | ☐ District ☒ Superior Court Division |

| Name Of Plaintiff | APPLICATION AND ORDER |
|---|---|
| RANDY RAPPE | EXTENDING TIME TO |
| **VERSUS** | FILE COMPLAINT |
| Name Of Defendant | |
| DUKE ENERGY CAROLINAS, LLC; PIEDMONT NATURAL GAS COMPANY, INC. | G.S. 1A-1, Rule 3 |

### APPLICATION

The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

*Name And Purpose Of The Action*

The Plaintiff, who is over 40 and a former employee of Defendants, institutes this action to recover damages and to seek equitable relief as a result of the termination of his employment by Defendants because of his age and protected activity. Plaintiff's termination was pretextual, his performance met or exceeded any reasonable expectations of his role, and, upon his termination, his job responsibilities were assumed by substantially younger, less experienced, and less qualified coworkers who had not engaged in protected activity. Specifically, in the months preceding his termination, Plaintiff repeatedly notified Defendants of ongoing age discrimination and retaliation directed against him by his supervisor, who was significantly younger than Plaintiff. Plaintiff was placed on a performance improvement plan without any legitimate justification, and Defendants ultimately terminated him without basis on or about May 15, 2024, while retaining his younger colleagues, including his ultimate replacement. Defendants discriminated and retaliated against Plaintiff in various ways due to age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Additionally, Plaintiff brings claims for wrongful discharge in violation of public policy, for discrimination due to age and for retaliation following his raising of legal and ethical concerns regarding Defendants' contracts. Plaintiff seeks all available damages and injunctive relief.

| Date | Signature | |
|---|---|---|
| 07-28-2025 | R. Michael | ☐ Applicant ☒ Attorney For Applicant |

### ORDER

The Court states that the nature and purpose of this action are as set forth above.

Therefore, it is ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

| File Complaint On Or Before | Date Of Order |
|---|---|
| **8-17-2025** | **28th of July, 2025** |
| *(Date must be within 20 days of date of Order.)* | Signature **Mitchell Woodard** |
| | ☒ Assistant Clerk Of Superior Court ☐ Clerk Of Superior Court |

**NOTE:** *Under Rule 3 of the Rules of Civil Procedure, upon entry of this Order, a summons shall be issued and the summons and a copy of this Order must be served in accordance with the provisions of Rule 4. A complaint must be filed in this action within the period provided above and that complaint must be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If a complaint is not filed within the above period, the action shall abate.*

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No.

25CV038515-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name And Address Of Plaintiff 1
RANDY RAPPE

## GENERAL

### CIVIL ACTION COVER SHEET
☐ INITIAL FILING ☒ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

Name And Address Of Plaintiff 2

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)

R. Michael Elliot
Elliot Morgan Parsonage, PLLC
300 E. Kingston Avenue Suite 200
Charlotte, NC 28203

**VERSUS**

Name Of Defendant 1
DUKE ENERGY CAROLINAS, LLC

| Telephone No. | Cellular Telephone No. |
| 7047073705 | |
| NC Attorney Bar No. | Attorney E-Mail Address |
| 42806 | michaelelliot@emplawfirm.com |

Summons Submitted ☒ Yes ☐ No

☒ Initial Appearance in Case       ☐ Change of Address

Name Of Defendant 2
PIEDMONT NATURAL GAS COMPANY, INC.

Name Of Firm
Elliot Morgan Parsonage, PLLC

FAX No.
336-724-3335

Counsel for
☒ All Plaintiffs ☐ All Defendants ☐ Only (list party(ies) represented)

Summons Submitted ☒ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

(check that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: _All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to re-file a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet._

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

| | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) |    Convictions (PLDP) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other (specify and list each separately) |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Violation of the Age Discrimination in |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | Employment Act, 29 U.S.C. § 621 et seq. |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | (ADEA); Retaliation in Violation of the ADEA; |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. 44A (MVLN) | Wrongful Discharge in Violation of the Public |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | Policy of North Carolina. |

| Date | Signature Of Attorney/Party |
|---|---|
| 08/18/2025 | *R Minter* |

## FEES IN G.S. 7A-308 APPLY
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

## PRO HAC VICE FEES APPLY
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)  ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No.
25CV038515-590

Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff<br><br>RANDY RAPPE | DELAYED SERVICE<br>OF<br>COMPLAINT<br><br>G.S. 1A-1, Rules 3 & 4 |
|---|---|
| **VERSUS** | |
| Name Of Defendant<br>DUKE ENERGY CAROLINAS, LLC; PIEDMONT<br>NATURAL GAS COMPANY, INC. | |

| TO: | TO: |
|---|---|
| Name And Address Of Defendant 1<br>Duke Energy Carolinas, LLC<br>c/o CT Corporation System, Registered Agent<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615 | Name And Address Of Defendant 2<br>Piedmont Natural Gas Company, Inc.<br>c/o CT Corporation System, Registered Agent<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615-6417 |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>R. Michael Elliot<br>Elliot Morgan Parsonage, PLLC<br>300 E. Kingston Avenue, Suite 200<br>Charlotte, NC 28203 | Date<br>8/18/2025 | Time<br>4:36:07 pm | ☐ AM<br>☒ PM |
|---|---|---|---|
| | Signature<br>/s/ Alexis Harper | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

AOC-CV-103, Rev. 1/10
© 2010 Administrative Office of the Courts

Original File    Copy-Each Defendant    Copy-Attorney/Plaintiff
(Over)

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Document and a copy of the Complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Service Accepted By Defendant

| Date Accepted | Time Served ☐ AM ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Service Accepted By Defendant

| Date Accepted | Time Served ☐ AM ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-103, Side Two, Rev. 1/10
© 2010 Administrative Office of the Courts

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25 CV 038515-590

RANDY RAPPE,

          Plaintiff,

   v.

DUKE ENERGY CAROLINAS, LLC;
PIEDMONT NATURAL GAS COMPANY,
INC.

         Defendants.

)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

---

The Plaintiff, complaining of Defendants, alleges the following:

## NATURE OF ACTION

1.    Plaintiff has instituted this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the public policy of North Carolina, to recover damages for the violation of his civil rights.

## PARTIES

2.    The Plaintiff, Randy Rappe, is a resident of Mecklenburg County, North Carolina. At all times pertinent to this action, Plaintiff was an "employee" of Defendants within the meaning and definition of the ADEA, 29 U.S.C. § 630(f), and the common law of North Carolina.

3.    The Defendant, Duke Energy Carolinas, LLC (Duke Energy), is a limited liability company organized and existing under the laws of the State of North Carolina. Duke Energy is an electric power and natural gas holding company with its headquarters in Mecklenburg County, North Carolina. At times pertinent to this action, Duke Energy was an "employer" of Plaintiff

within the meaning and definition of the ADEA, 29 U.S.C. § 630(f), and the common law of North Carolina.

4.    The Defendant, Piedmont Natural Gas Company, Inc. (PNG), is a corporation organized and existing under the laws of the State of North Carolina. PNG is a wholly owned subsidiary of Duke Energy, and is an energy services company specializing in the distribution of natural gas, with its headquarters in Mecklenburg County, North Carolina.  At times pertinent to this action, PNG was an "employer" of Plaintiff within the meaning and definition of the ADEA, 29 U.S.C. § 630(f), and the common law of North Carolina.

5.    Duke Energy and PNG acted as joint employers of Plaintiff.  Upon information and belief, the named Defendants, in whole or in part, operate as an integrated enterprise, have common management, centralized control, and have a distinct identity of interest with each other.

6.    Hereinafter, the Defendants shall be referred to collectively as "Defendant." At all times pertinent to this action, Defendant employed over 500 employees, and was the "employer" of Plaintiff within the meaning and definition of the ADEA, 29 U.S.C § 630(b), and pursuant to North Carolina law.

## FACTS

7.    Plaintiff was born in May 1959, and is presently 66 years of age. At the time of his termination, Plaintiff was 65 years of age.

8.    Plaintiff was employed by Defendant from on or about January 2, 1996, until May 15, 2024.  As alleged above, Defendant is an energy company that provides power and gas services to households in the Charlotte area, the Carolinas, and throughout the southeastern United States.

9.    Plaintiff held a number of positions during his tenure with Defendant, over his nearly 30 years of employment.  He was initially employed by Defendant as a Meter Reader and earned

periodic promotions and raises, until achieving the role of Operations Resource Analyst, the position he held at the time of termination.

10. As an Operations Resource Analyst, Plaintiff worked with both external and internal partners to cover territory including the Carolinas (North and South Carolina) and primarily, the Charlotte Metropolitan Area. His job duties included contractor oversight, Natural Gas Business Unit construction management support, and concierge guidance.

11. During the entire period of his employment—more than 28 years—Plaintiff's performance met or exceeded any reasonable expectations of his role. Prior to the events described below, he had never been disciplined, had never had a poor performance evaluation, and had never been made aware of any significant deficiencies in his performance.

12. Over the last years of his tenure, Plaintiff was substantially older and more experienced than most of the other employees in Plaintiff's department.

13. On or about December 20, 2022, Plaintiff was directed to participate in an investigation regarding part of Defendant's management team, a General Manager (GM), who was two-up from Plaintiff.

14. During the investigation, Plaintiff answered all questions truthfully, and indicated that he had concerns that the GM was violating ethical and potentially legal boundaries through her dealings with SouthEast Connections (SEC). The Ethics and Compliance Analyst who interviewed Plaintiff assured him that he would be protected from retaliation.

15. Specifically, Plaintiff was aware of numerous irregularities in the GM's treatment of SEC, including unwarranted payments, the granting of contracts without any legitimate basis, and permitting SEC to violate contracts without repercussions. Additionally, upon information

and belief, the GM permitted SEC numerous additional concessions, such as failing to ensure that SEC followed state and federal financial and operational regulations.

16. Nevertheless, just one month later, Plaintiff was baselessly accused of vague and unsubstantiated "inappropriate behavior" and issued a "Coaching & Counseling" form. Despite that, his 2022 performance evaluation was excellent, as his evaluations always had been.

17. Over the course of the next year, Plaintiff began to be excluded from meetings, projects, and conferences. His supervisor at the time, as well as other co-workers, informed him that it was because of the GM. Plaintiff continued to perform at a high level, and he earned a raise and bonus.

18. In or around November, 2023, he began reporting to a New Supervisor, who is, upon information and belief, approximately 34 years old. Plaintiff had relatively little interaction with the New Supervisor between his assumption of the role and the events described below.

19. On or about January 11, 2024, in lieu of an annual evaluation, Plaintiff was presented with a Performance Improvement Plan (PIP), with the alternative of accepting a severance package with 12 weeks of compensation.

20. The PIP, while lacking any specific information, stated baseless accusations of "communication and professionalism" issues, problems with "interpersonal skills," and difficulty "embracing and adapting to evolving circumstances/ change." As noted above, the New Supervisor had supervised Plaintiff for less than three months when he issued the plan. The allegations, which were baseless, contained language that showed clear age animus.

21. The directives in the PIP included the requirement that Plaintiff not have *any verbal interactions* with employees, customers, or contractors, without the presence of his New Supervisor. It also insisted that Plaintiff copy him on every email.

22.   This new directive meant Plaintiff needed the New Supervisor's constant presence to speak to anyone, and his affirmation before weighing in on any contractual matters (which was Plaintiff's job). Essentially, the directive meant Plaintiff would not be able to perform his duties without the New Supervisor's constant presence.

23.   Following the issuance of the PIP, on or about January 26, 2024, Plaintiff, through counsel, informed defendant that Plaintiff was concerned that he was being targeted and retaliated against because of his age, and due to the concerns he had raised regarding unethical and potentially illegal practices.

24.   Nevertheless, Plaintiff did everything that was asked of him under the PIP. He had weekly meetings with his supervisor, and included him on all communications, as he had been directed to do.

25.   Despite that compliance, in their weekly meetings, the New Supervisor continued to manufacture ways in which Plaintiff had allegedly violated the PIP. Generally, Plaintiff would initially be told that everything was going well, which would be followed by a weekly check-in in which the New Supervisor would mischaracterize or recast a prior phone call or interaction towards the negative.

26.   It became clear to Plaintiff that he was being forced out of his longtime position. Given his concerns, on March 22, 2024, Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC) based on age and retaliation.

27.   Following the filing of the Charges, the retaliation from the New Supervisor intensified..He would join calls with Plaintiff, and after the call, would compliment Plaintiff for his professionalism and state that everything went well. Then, in Plaintiff's weekly meetings, the

New Supervisor would find a reason to criticize Plaintiff's behavior on the call, and accuse him of not abiding by the PIP.

28. On April 30 and May 1, the EEOC abruptly dismissed the Charges and issued rights-to-sue. Just nine days later, on or about May 10, 2024, Plaintiff was removed from service, without pay, and Defendant directed him to turn in his belongings, removed his access from internal systems, and informed him that he would be contacted shortly regarding "next steps."

29. On or about May 15, 2024, Plaintiff's supervisor called him and alleged that he had not met the requirements of the PIP, and terminated his employment. Defendant did not provide any documentation or credible explanation regarding Plaintiff's termination, or how he had failed to meet the requirements of the PIP.

30. The allegations regarding the rationale for Plaintiff's termination were false, as Plaintiff had fulfilled everything asked of him related to the PIP.

31. In fact, Defendant discriminated against Plaintiff due to age, and retaliated against Plaintiff for raising issues regarding age discrimination, and for filing EEOC Charges. Following dismissal of the EEOC Charges, as referenced above, Defendant immediately terminated his employment.

32. Following his termination, Plaintiff was replaced by a young woman in her thirties, who was approximately thirty years younger than Plaintiff.

33. The basis for Plaintiff's termination is pretextual, and not worthy of belief. Defendant terminated Plaintiff's employment due to his age, because of his reports of discriminatory behavior by management, and because of his truthful testimony regarding the ethics and compliance matters.

34.   As a direct result of Defendant's actions, Plaintiff has suffered substantial damages, emotionally, professionally, and financially.

**Administrative Remedies**

35.   On or about June 10, 2024, Plaintiff filed additional Charges of Discrimination (EEOC Charge No. 430-2024-03164 and EEOC Charge No. 430-2024-03165) with the EEOC in Charlotte, North Carolina. Plaintiff's Charges alleged discrimination and retaliation due to age, in violation of the ADEA. As alleged in the Charges, the violations culminated in the termination of his employment by Defendant on May 15, 2024.

36.   Plaintiff was issued his rights-to-sue by the EEOC for both charges on April 29, 2025. Plaintiff has complied with all procedural prerequisites to filing this action.

**FIRST CLAIM FOR RELIEF**
**Age Discrimination in Violation of the ADEA**

37.   Plaintiff incorporates the foregoing paragraphs as if fully set out herein.

38.   At all times pertinent to this action, Plaintiff was within the protected age category, and subject to the protection of the ADEA; his performance was superior to that of substantially younger employees who were retained, and exceeded any reasonable expectations of Defendant; and subsequent to his discharge, a substantially younger employee who was less experienced and qualified for the job, assumed his duties while performing at a lower level than Plaintiff.

39.   Defendant's reasons for its termination of Plaintiff are pretextual, and unworthy of belief.

40.   Defendant wrongfully and intentionally discriminated against Plaintiff because of his age, in violation of the ADEA, 29 U.S.C. § 621 *et seq.*, as follows:

   a.   By issuing a baseless Coaching and Counseling form;

   b.   By ostracizing him in his position;

c.  By placing him on a PIP without justification;

d.  By alleging without basis that he had not complied with the PIP;

e.  By selecting a replacement that was substantially younger, less qualified, less experienced, and was a poorer performer;

f.  By manufacturing false and baseless reasons to terminate his employment; and

g.  In terminating Plaintiff's employment.

41.    As a proximate result of Defendant's acts of age discrimination against Plaintiff, Plaintiff has suffered substantial damages, including loss of income and benefits and other economic losses, and is entitled to appropriate relief pursuant to the ADEA, including compensatory and liquidated damages, and reasonable attorneys' fees and costs for his representation pursuant to 29 U.S.C. § 626.

**SECOND CLAIM FOR RELIEF**
**Retaliation in Violation of the ADEA**

42.    Plaintiff incorporates the foregoing paragraphs as if fully set out herein.

43.    As alleged above, Plaintiff objected to clearly discriminatory practices enacted and condoned by Defendant's management team.  Plaintiff reported those practices verbally, and through counsel and the filing of multiple EEOC Charges.

44.    Defendant wrongfully and intentionally retaliated against Plaintiff because of his age, in violation of the ADEA, 29 U.S.C. § 621 *et seq.*, as follows:

a.  By issuing a baseless Coaching and Counseling form;

b.  By ostracizing him in his position;

c.  By placing him on a PIP without justification;

d.  By alleging without basis that he had not complied with the PIP;

e.  By escalating its retaliation against him following the filing of EEOC Charges;

f. By selecting a replacement that was substantially younger, less qualified, less experienced, and was a poorer performer;

g. By manufacturing false and baseless reasons to terminate his employment; and

h. In terminating Plaintiff's employment.

45. Defendant's reasons for its termination of Plaintiff are pretextual, and unworthy of belief.

46. As a proximate result of Defendant's acts of retaliation against Plaintiff, Plaintiff has suffered substantial damages, including loss of income and benefits and other economic losses, and is entitled to appropriate relief pursuant to the ADEA, including compensatory and liquidated damages, and reasonable attorneys' fees and costs for his representation pursuant to 29 U.S.C. § 626, and liquidated damages pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**
**Wrongful Discharge in Violation of the Public Policy of North Carolina-**
**Age Discrimination**

47. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

48. The public policy of North Carolina, as expressed in N.C. Gen. Stat. § 143-422.2, mandates that employers of fifteen or more employees shall not discriminate on the basis of age. At all times pertinent to this claim, Defendant employed in excess of fifteen employees.

49. As stated above, Plaintiff was a member of a protected age class, who was, at the time of his termination, consistently performing at a level higher than substantially younger employees who were similarly situated; and, subsequent to his discharge, a substantially younger employee who was less experienced and qualified for the job assumed his duties while performing at a lower level than Plaintiff.

50. Defendant's reasons for its termination of Plaintiff are pretextual, and unworthy of belief.

51. Defendant wrongfully and intentionally discriminated against Plaintiff because of his age in violation of the public policy of North Carolina, as follows:

    a. By issuing a baseless Coaching and Counseling form;

    b. By ostracizing him in his position;

    c. By placing him on a PIP without justification;

    d. By alleging without basis that he had not complied with the PIP;

    e. By selecting a replacement that was substantially younger, less qualified, less experienced, and was a poorer performer;

    f. By manufacturing false and baseless reasons to terminate his employment; and

    g. In terminating Plaintiff's employment.

52. Plaintiff will suffer irreparable harm in the absence of equitable relief from this Court, and there is no adequate remedy at law to prevent such harm. Accordingly, Plaintiff is entitled to declaratory, injunctive and equitable relief including reinstatement of Plaintiff to his position with Defendant.

53. As a proximate result of Defendant's violations of the public policy of North Carolina, Plaintiff has incurred and suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of quality and enjoyment of life, and employment reputation; and other losses to be proven at trial.

54. Defendant's acts, as described above, were deceptive, willful and wanton, and evinced an intentional or reckless indifference to and disregard for the civil rights of Plaintiff.

Aggravating circumstances concerning Defendants' conduct are provided in ¶¶ 7-34 above. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**FOURTH CLAIM FOR RELIEF**
**Wrongful Discharge in Violation of Public Policy - Other**

55.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     The public policy of North Carolina provides the following:

    a.   North Carolina General Statute § 75.1, *et. seq.* is the North Carolina Consumer Protection Act, and protects against false or misleading advertising, fraudulent schemes, and deceptive business practices;

    b.   North Carolina General Statute § 75-1.1 specifically makes unlawful unfair and deceptive trade practices;

    c.   North Carolina General Statute § 14-90 specifically makes Embezzlement unlawful, specifically when exercising a public trust;

    d.   North Carolina General Statute § 14-100 specifically makes unlawful the Obtaining of Property by False Pretenses;

    e.   North Carolina General Statute § 14-117 specifically makes unlawful Fraudulent or Deceptive Advertising;

    f.   North Carolina General Statute § 32-1, *et. seq.,* the Uniform Fiduciaries Act, sets guidelines for those persons placed in a position of trust;

    g.   Plaintiff anticipates discovering other potential violations of the North Carolina Statutes and Regulations through the litigation of this action;

h.  The public policy of North Carolina prohibits retaliation against those who report or object to corruption and misconduct on the part of their employers which harms the public that utilizes services provided by companies in this state;

i.  The public policy of North Carolina requires that, in order to enforce the above policies, those employees who are in a position to know of their company's corruption and misconduct be protected in reporting such practices, and not retaliated against for making disclosures of persons responsible for a cover-up of unlawful acts;

j.  It is a violation of the above public policies of North Carolina to retaliate against an employee who gave notice of the corruption and misconduct, and who objected to those actions. Such retaliation causes a chilling effect designed to prohibit and discourage such behaviors; and,

k.  It is the public policy of North Carolina that an employee not be discharged or otherwise retaliated against for raising issues concerning the above public policies in the workplace, and for adhering to his or her duties as prescribed by both law and policy.

57.  The Defendant wrongfully discharged Plaintiff for refusing to engage in unlawful conduct, as cited above, related to false and misleading information provided to potential customers which is in violation of the above public policies and laws of North Carolina.

58.  As a direct and proximate result of the wrongful termination of Plaintiff in violation of the public policy of North Carolina, Plaintiff has suffered substantial damages, including but not limited to loss of income and benefits, loss of professional reputation, loss of quality and enjoyment of life, mental anguish and emotional distress, and other damages to be proven at trial.

59. The Defendant's acts, as described above, were willful, wanton, and malicious, and evinced an intentional or reckless indifference to and disregard for the rights of Plaintiff. Aggravating circumstances concerning Defendant's conduct are provided in ¶¶ 7-34 above. Accordingly, Plaintiff is entitled to punitive damages in an amount be determined by the jury in accordance with Chapter 1B of the North Carolina General Statutes.

## PRAYER FOR RELIEF

The Plaintiff requests the following relief:

(1) That Plaintiff be reinstated to his position with Defendant, with back pay and all benefits and seniority rights;

(2) That Plaintiff recover of Defendants compensatory damages in an amount in excess of $100,000;

(3) That Plaintiff recover liquidated damages pursuant to 29 U.S.C. § 626;

(4) That Plaintiff recover punitive damages in an amount to be determined by the jury;

(5) That Plaintiff recover the costs of this action, including reasonable attorneys' fees for his representation herein as required in 29 U.S.C. § 626;

(6) That Plaintiff recover pre-judgment and post-judgment interest on all damages awarded herein; and

(7) That this Court grant such other relief as it deems just and appropriate.

Pursuant to Rule 38(b) of the North Carolina Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues presented herein.

This the 18th day of August, 2025.

/s/ R. Michael Elliot
R. Michael Elliot
N.C. State Bar No. 42806
Attorney for Plaintiff
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Suite 200
Charlotte, NC 28203
Telephone: 704-707-3705
Facsimile: 336-724-3335
E-Mail: michaelelliot@emplawfirm.com